**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS,<br><br>    Plaintiff,<br><br>    v.<br><br>ALLEGIANCE BENEFIT PLAN MANAGEMENT, *et al.*,<br><br>    Defendants. | Civil Action No. 23-14167 (GC) (JBD)<br><br>**OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Defendant Allegiance Benefit Plan Management's Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(2) and for failure to state a claim pursuant to Rule 12(b)(6). (ECF No. 17.) Plaintiff opposed, and Defendant replied. (ECF Nos. 20 & 21.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's motion is **GRANTED** in part and **DENIED** in part. The case is **DISMISSED** due to lack of personal jurisdiction.

**I.    BACKGROUND**

This is one of more than forty cases that Plaintiff Abira Medical Laboratories, LLC, has filed in the United States District Court for the District of New Jersey or had removed here from the Superior Court of New Jersey since June 2023. In each of these cases, Plaintiff sues "health

insurance companies, third-party administrators, health and welfare funds, or . . . self-insured employers" based on their alleged failure to pay Plaintiff "for laboratory testing of specimen, which [Plaintiff] performed for the insureds/claimants." (ECF No. 10 ¶ 1.)

Plaintiff "is a domestic limited liability company organized under the laws of the State of New Jersey." (*Id.* ¶ 10.) Several of Plaintiff's "administrators and decision-makers live in New Jersey, work in New Jersey, and run [Plaintiff's] affairs from New Jersey." (*Id.* ¶ 11.) Plaintiff "operated a licensed medical testing laboratory business, which provided services nationwide," and Plaintiff "performed clinical laboratory, toxicology, pharmacy, genetics, and addiction rehabilitation testing services on specimen," for "numerous insureds/claimants located throughout the United States." (*Id.* ¶¶ 32-33.)

Defendant has its principal place of business in Missoula, Montana. (*Id.* ¶ 12.) Plaintiff alleges that Defendant "provides health insurance services throughout New Jersey." (*Id.*)

Plaintiff alleges that it submitted "claims" for laboratory testing to Defendant that "were supposed to" be paid "pursuant to Abira's fee schedule or the insurer's fee schedule." (*Id.* ¶¶ 35-38.) The amount due for these services is alleged to total $26,851.00. (*Id.* ¶ 8.) Plaintiff does not identify the individual insureds/claimants or how many insureds/claimants are involved in this case, the type of health insurance plans under which the insureds/claimants were covered, or any specific provisions in any plan that entitles the insureds/claimants to benefits from Defendant.

This case was removed to this Court from the Superior Court of New Jersey, Mercer County, Law Division, based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*See* ECF No. 1.) The original Complaint asserted six common-law claims, as well as claims for violations of the Families First Coronavirus Response Act (FFCRA), the Coronavirus Aid, Relief, Economic Security (CARES) Act, and the

New Jersey Consumer Fraud Act (NJCFA); it also sought treble damages in the amount of $154,365.00. (*See* ECF No. 1-1 ¶¶ 29-84.)

On October 26, 2023, Plaintiff filed the Amended Complaint, which is the operative pleading. (ECF No. 10.) The Amended Complaint seeks $26,851.00 in damages and asserts seven causes of action against Defendant and unnamed entities/persons: Count One for breach of contract; Count Two for breach of the implied covenant of good faith and fair dealing; Count Three for fraudulent misrepresentation; Count Four for negligent misrepresentation; Count Five for promissory estoppel; Count Six for equitable estoppel; and Count Seven for quantum meruit/unjust enrichment.[1] (*Id.* ¶¶ 8, 49-105.) On March 1, 2024, Defendant moved to dismiss the Amended Complaint pursuant to Rules 12(b)(2) and 12(b)(6). (ECF No. 17.) Plaintiff opposed on April 1, and Defendant replied on April 8. (ECF Nos. 20 & 21.)

## II.     LEGAL STANDARD[2]

Rule 12(b)(2) permits a defendant to move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When a statute does not authorize nationwide service of

---

[1]     Unlike the original Complaint, the Amended Complaint no longer seeks treble damages, and therefore does not appear to allege an amount in controversy that satisfies § 1332. Nor does it bring a claim under the FFCRA and CARES Act or other federal cause of action. Defendant argues that this Court has subject-matter jurisdiction "because Plaintiff's claims are subject to complete preemption under [ERISA]," while Plaintiff contends that the Court lacks subject-matter jurisdiction. (ECF No. 29 at 1; ECF No. 28 at 3.) But "a court may dismiss for lack of personal jurisdiction without first establishing subject-matter jurisdiction" in appropriate circumstances. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999) (holding that a district court does not abuse its discretion by turning directly to straightforward issues of personal jurisdiction before reaching more complex questions of subject-matter jurisdiction)). Here, because there is no "mandatory sequencing of jurisdictional issues," the Court will resolve the parties' arguments regarding personal jurisdiction before it reaches the issues regarding subject-matter jurisdiction. *See id.*

[2]     Because the Court determines that it lacks personal jurisdiction and does not reach the motion to dismiss for failure to state a claim, the Rule 12(b)(6) standard is not recited. *See*

3

process, federal courts in New Jersey exercise personal jurisdiction to the extent permitted by New Jersey law. *See Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010) ("[A] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state.").

"New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (first citing N.J. Court Rule 4:4-4(c); and then citing *Charles Gendler & Co. v. Telecom Equip. Corp.*, 508 A.2d 1127, 1131 (N.J. 1986)). Therefore, the key inquiry on a motion to dismiss for lack of personal jurisdiction is whether, under the Due Process Clause, "the defendant has certain minimum contacts with . . . [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)).

A district court can assert either general jurisdiction (*i.e.*, "all-purpose" jurisdiction) or specific jurisdiction (*i.e.*, "case-linked" jurisdiction) over a defendant that has minimum contacts with the forum. *See Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017). For foreign corporations, a "court may assert general jurisdiction . . . to hear any and all claims against them when their affiliations with the [forum] State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 384 (3d Cir. 2022) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). To assert specific jurisdiction over a foreign corporation there are two primary elements that must be met: "First, there must be purposeful

---

*Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017) ("A court must have . . . power over the parties before it (personal jurisdiction) before it can resolve a case.").

availment: minimum contacts with the forum state that show the defendant took a deliberate act reaching out to do business in that state. Second, the contacts must give rise to—or relate to—plaintiff's claims." *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021) (citing *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024-25 (2021)). If these elements are met, the exercise of jurisdiction must "otherwise comport[] with fair play and substantial justice." *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

### III. DISCUSSION

#### A. PERSONAL JURISDICTION

The Court will first examine whether there is general jurisdiction over Defendant in New Jersey and then, if no general jurisdiction, whether there is specific jurisdiction.

##### i. GENERAL JURISDICTION

"For a corporate defendant, the main bases for general jurisdiction are (1) the place of incorporation [or formation]; and (2) the principal place of business." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 173 (D.N.J. 2016) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 136 (2014)); *see also Fischer*, 42 F.4th at 383 ("For a corporation, general jurisdiction is only proper in states where the corporation is fairly regarded as 'at home,' which generally is restricted to the corporation's state of incorporation or the state of its principal place of business."). "[G]eneral jurisdiction may [also] arise in the 'exceptional case' where 'a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State.'" *Display Works*, 182 F. Supp. 3d at 173 (citation omitted); *see also Daimler AG*, 571 U.S. at 139 n.19. Such an exceptional case requires a plaintiff to furnish at least some evidence that reasonably suggests that a corporate entity's contacts with the forum state are so substantial that they surpass the entity's

5

contacts with other states.  *See, e.g.*, *Ontel Prod. Corp. v. Mindscope Prod.*, 220 F. Supp. 3d 555, 560 (D.N.J. 2016) ("[Plaintiff] does not provide any evidence that reasonably suggests that indirect sales in New Jersey occur at all or that those sales surpass [the defendant's] third party sales made elsewhere.").

Here, Plaintiff pleads that Defendant has its principal place of business in Missoula, Montana, and there is no allegation that Defendant was incorporated or has substantial operations in New Jersey.  (ECF No. 10 ¶ 12.)  There is thus nothing in the record to suggest that Defendant was either incorporated or headquartered in New Jersey or that its business operations in New Jersey are so substantial that they give rise to the exceptional case of general jurisdiction.

Plaintiff's sole argument in favor of general jurisdiction is that Defendant "repeatedly did business with [Plaintiff] (a New Jersey corporate citizen) for specimen testing, with an outstanding amount of approximately $78,306.18 unpaid, which is sufficiently substantial for this Court to exercise jurisdiction."[3]  (ECF No. 20 at 13.)[4]  The Court finds this argument unpersuasive.  That Defendant may owe Plaintiff a sum of money alone does not support the inference that Defendant operated in a meaningful way in New Jersey.  And Plaintiff has not supplied any reason to believe that Defendant's contacts with New Jersey surpass its contacts with any other state.

### ii.  SPECIFIC JURISDICTION

Specific jurisdiction allows the court to adjudicate claims levied against defendants with "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional

---

[3]  Plaintiff's brief alleges a different amount in controversy than the amount alleged in the Amended Complaint.  (*See* ECF No. 10 ¶¶ 8, 53-54, 59, 66 (seeking $26,851.00 in damages).)  Pleadings may not be amended by briefs in opposition to a motion to dismiss, *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988), nor would this discrepant amount alter the Court's personal jurisdiction analysis even if properly alleged.

[4]  Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The minimum contacts analysis focuses on whether the defendant has, by some act related to the plaintiff's current cause of action, "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp.*, 471 U.S. at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). And specific jurisdiction is typically present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant "should reasonably anticipate being haled into court there." *D'Jamoos*, 566 F.3d at 105 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)); *see also Ford Motor Co.*, 141 S. Ct. at 1019 ("[T]he plaintiff's claims 'must arise out of or relate to the defendant's contacts' with the forum." (quoting *Bristol-Myers Squibb*, 582 U.S. at 262)).

Although a court usually determines specific jurisdiction on a claim-by-claim basis, a claim specific analysis may not be necessary "for certain factually overlapping claims." *O'Connor*, 496 F.3d at 317 n.3; *see also TorcUP, Inc. v. Aztec Bolting Servs., Inc.*, 386 F. Supp. 3d 520, 525 n.2 (E.D. Pa. 2019) ("[F]or 'certain factually overlapping claims' courts need not evaluate specific jurisdiction on a claim-by-claim basis." (citation omitted)); *HV Assocs., LLC v. PNC Bank, N.A.*, Civ. No. 17-8128, 2019 WL 13410696, at *10 (D.N.J. Apr. 18, 2019) ("Although [s]pecific jurisdiction is generally assessed on a claim-by-claim basis, 'it may not be necessary to do so for certain factually overlapping claims.'" (citation omitted)). Because Plaintiff's claims in this case all stem from the same allegation that Defendant failed to pay Plaintiff for laboratory testing services, a claim-specific analysis is not necessary. *See Abira Med. Lab'ys, LLC v. Johns Hopkins Healthcare LLC*, Civ. No. 19-05090, 2020 WL 3791565, at *4 (E.D. Pa. July 7, 2020) ("Because [Abira's] claims all stem from the same conduct of JHHC failing to reimburse [Abira] for . . . laboratory testing services, a claim-specific analysis is not necessary.").

The Amended Complaint asserts two bases for specific jurisdiction over Defendant in New Jersey: (1) between "2017 and 2018," "Defendants' representatives communicated with [Plaintiff's] representatives regarding claims submitted by [Plaintiff], with Defendants' representatives advising [Plaintiff] to file an appeal of claims that were denied"; and (2) ERISA "is unique in having relaxed jurisdictional requirements," citing 29 U.S.C. §§ 1132(e) and (f).[5] (ECF No. 10 ¶¶ 30-31.) Neither of these bases is sufficient.

The Court turns first to Plaintiff's argument for personal jurisdiction under ERISA. Section 1132(e)(2) states that when an action under ERISA "is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." But courts in this Circuit "have interpreted the ERISA statute to expand venue," not personal jurisdiction. *Williams v. Reliance Standard Life. Ins. Co.*, Civ. No., 2021 WL 3852105, at *3 (E.D. Pa. Aug. 27, 2021) (finding that § 1132(e)(2) was "meant to expand venue, not personal jurisdiction" and that a plaintiff bringing a claim under ERISA was still required to establish the defendant's minimum contacts with the forum (quoting *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017)); *Abira Med. Lab'ys, LLC v. Blue Cross Blue Shield of Mississippi*, Civ. No. 23-4974, 2024 WL 3783574, at *4-5 (E.D. Pa. Aug. 13, 2024) (rejecting Abira's argument that ERISA provides "relaxed jurisdictional requirements" because "district courts in the Third Circuit have interpreted the ERISA statute to expand venue" (quoting

---

[5] The Amended Complaint also alleges that Defendant "provides health insurance services throughout New Jersey," (ECF No. 10 ¶ 12), but such an allegation without more is insufficient to establish personal jurisdiction over Defendant. *See, e.g., Abira Med. Lab'ys, LLC v. Cigna Health & Life Ins. Co.*, Civ. No. 22-6408, 2023 WL 4074081, at *3 (D.N.J. June 16, 2023) ("At most, [Abira] alleges that Cigna is registered in New Jersey and conducts business throughout the state, including Bergen County. Even when treated as true, these allegations are insufficient grounds for personal jurisdiction." (collecting cases)).

*Abira Med. Lab'ys, LLC v. Anthem Blue Cross Blue Shield Missouri*, Civ. No. 23-4940, 2024 WL 1704981, at *2 (E.D. Pa. Apr. 19, 2024))); *Schwartz v. Employee Benefit Mgmt. Sys.*, Civ. No. 17-656, 2017 WL 2119446, at *2 (D.N.J. May 16, 2017) (dismissing a provider's claim for improper denial of benefits under ERISA for *improper venue* under § 1132(e)(2)). Plaintiff has not alleged or provided evidence that the plans at issue in this matter were administered in New Jersey or that any alleged breach took place in New Jersey. *See id.* (rejecting the argument that the defendant assignees, which resided in and administered an ERISA-governed plan in Montana, breached the plan in New Jersey because the provider treated the patients in New Jersey and "received Defendants' partial reimbursements in New Jersey").

As to Defendant's communications with Plaintiff about the alleged claims,[6] district courts in the Third Circuit have also repeatedly rejected nearly identical allegations as creating specific jurisdiction. These courts have found that a physician's unilateral choice to send a patient's specimen to a laboratory for testing does not create personal jurisdiction over the patient's insurer in the laboratory's home state when the insurer simply pays the resulting claims or communicates with the laboratory about the claims.[7] *See, e.g.*, *Abira Med. Lab'ys, LLC v. IntegraNet Physician*

---

[6] The Court may not consider Plaintiff's allegation that "Defendant made several direct payments to" Plaintiff, which is asserted in Plaintiff's opposition brief but not in the Amended Complaint. (ECF No. 20 at 16; *see also* ECF No. 10 ¶ 53 ("Defendant[] made no payments on the balance due and owing. . . .").) *Zimmerman*, 836 F.2d at 181. Nor would this allegation change the Court's analysis even if properly alleged. *See IntegraNet*, 2024 WL 1905754, at *4 (finding no specific jurisdiction in New Jersey over Texas corporations that allegedly paid twenty claims to Abira in New Jersey).

[7] The sole case cited by Plaintiff in opposition is *Conte v. Promethean Inc.*, Civ. No. 21-20490, 2022 WL 4596727 (D.N.J. Sept. 30, 2022). (ECF No. 9 at 15.) That case is readily distinguishable, however. There, the defendants did not challenge jurisdiction over the plaintiff's former employer, which was "a company conducting business in New Jersey whose business activity in the state [was] directly related to [the plaintiff's] claims." *Conte*, 2022 WL 4596727, at *9. Here, in contrast, Plaintiff has not sufficiently alleged any business activity in New Jersey by Defendant giving rise to the claims.

*Res., Inc.*, Civ. No. 23-03849, 2024 WL 1905754, at *4 (D.N.J. Apr. 30, 2024) (finding no specific jurisdiction in New Jersey over Texas corporations that allegedly paid twenty claims to Abira in New Jersey); *Abira Med. Lab'ys, LLC*, 2024 WL 1704981, at *3 (finding specific jurisdiction lacking over Missouri health insurers because sending laboratory samples for testing in Pennsylvania and communicating with regard to reimbursement requests fell "well short [of] the kind of 'deliberate targeting of the forum' that is necessary to establish specific personal jurisdiction" (citation omitted)); *Abira Med. Lab'ys, LLC*, 2024 WL 1651678, at *2 ("Sending payments to Pennsylvania alone—where the contract was not negotiated or executed there—does not constitute 'purposeful availment.'"); *Abira Med. Lab'ys LLC v. Molina Healthcare of Fla., Inc.*, Civ. No. 24-506, 2024 WL 1182855, at *3 (E.D. Pa. Mar. 19, 2024) (finding specific jurisdiction lacking over a Florida corporation because "[p]atients' physcians' decision to utilize Plaintiff's services in Pennsylvania [was] that type of 'unilateral activity' of a third party that should not subject a defendant to jurisdiction in a forum that it itself had not created contact with"); *Abira Med. Lab'ys, LLC*, 2023 WL 4074081, at *3 (finding specific jurisdiction lacking in New Jersey where it was merely alleged that the defendant was "registered in New Jersey and conduct[ed] business throughout the state" (collecting cases)); *Abira Med. Lab'ys, LLC v. Humana Inc.*, Civ. No. 22-06190, 2023 WL 3052308, at *3 (D.N.J. Apr. 24, 2023) (finding specific jurisdiction lacking in New Jersey where it was alleged that the defendant "and certain unnamed subsidiaries or affiliates failed to reimburse [Abira] for medical services provided to individuals covered by health insurance plans offered by [the defendant] and these other entities"); *Abira Med. Lab'ys, LLC*, 2020 WL 3791565, at *5 (finding no specific jurisdiction over a Maryland limited liability company in Pennsylvania despite the allegation that the defendant had previously paid for some of the laboratory testing services performed in Pennsylvania); *see also Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 152 (3d Cir. 1996) ("[I]nformational

10

communications in furtherance of [a contract between a resident and a nonresident] does not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over [the nonresident defendant]." (citation omitted)); *M3 USA Corp. v. Hart*, 516 F. Supp. 3d 476, 492 (E.D. Pa. 2021) ("'[I]nfrequent or minimal communication' is [not] sufficient to establish purposeful, minimal contacts." (citation omitted)).

Here, too, Plaintiff has not established that Defendant has the requisite minimum contacts with New Jersey to find that it purposefully availed itself of the New Jersey forum or that the claims at issue — Defendant's alleged failure to reimburse Plaintiff for testing services provided to Defendant's members — arise from or relate to Defendant's contacts with New Jersey. Accordingly, this Court does not have specific jurisdiction over Defendant.[8]

### B. TRANSFER OF VENUE

Where jurisdiction is lacking, a district "court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed or noticed, and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred."[9] 28 U.S.C. § 1631. The Third Circuit Court of Appeals has explained that "a

---

[8] The Court is unconvinced that jurisdictional discovery would uncover evidence that would alter the conclusion, and the Court sees no reason to grant discovery when Plaintiff has not offered a sense of what relevant jurisdictional facts discovery might uncover. *See Murphy v. Eisai, Inc.*, 503 F. Supp. 3d 207, 225 (D.N.J. 2020) ("The facts and allegations do not rise to the level where I, within my discretion, would permit further exploration through jurisdictional discovery."); *see also Abira Med. Lab'ys*, 2023 WL 4074081, at *3 ("[J]urisdictional discovery is unwarranted because the Complaint does not include 'factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts.'" (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003))); *Abira Med. Lab'ys, LLC*, 2024 WL 1651678, at *3 (same).

[9] *See North v. Ubiquity, Inc.*, 72 F.4th 221, 227 (7th Cir. 2023) ("[E]very circuit court to address this issue has agreed that § 1631's reference to 'jurisdiction' encompasses personal jurisdiction as well as subject matter jurisdiction.").

11

district court that lacks personal jurisdiction must at least consider a transfer." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020).  But "[t]he district court does . . . have 'broad discretion' not to transfer." *Id.* (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995)).  "And though [the district court] may transfer a case at the parties' request or *sua sponte*, it need not investigate on its own all other courts that 'might' or 'could have' heard the case." *Id.* (citations omitted).

    Here, the Court does not find that it is in the interest of justice to transfer.  The parties have not engaged in discovery or significant briefing.  Plaintiff has not raised any concern that its claims might become time-barred if the case were dismissed for lack of personal jurisdiction rather than transferred.  Defendant has also not sought transfer.  Because the Court is unaware of what interests and intentions may have led the parties not to seek transfer, the case shall be dismissed without prejudice. *See, e.g.*, *Rinaldi v. FCA US LLC*, Civ. No. 22-00886, 2022 WL 17340667, at *7 (D.N.J. Nov. 30, 2022) ("It is further due to this lack of briefing that the Court is unaware of any interests and intentions that have led the parties to choose not to seek transfer.  Therefore, the Court will not *sua sponte* transfer this matter when doing so may be counter to those interests and intentions."); *Klick v. Asbestos Corp., Ltd.*, Civ. No. 20-16654, 2021 WL 2666709, at *4 (D.N.J. June 28, 2021) ("[A]s the parties have not identified courts that may hear this case, nor have Plaintiffs argued they would be barred from refiling elsewhere, the Court declines to sever and transfer the claims against Boeing to another jurisdiction.").

## IV. CONCLUSION

For the reasons set forth above, and other good cause shown, Defendant's Motion to Dismiss the Amended Complaint (ECF No. 17) is **GRANTED** in part and **DENIED** in part.[10] An appropriate Order follows.

Dated: September 30, 2024

                                               *Georgette Castner*
                                               GEORGETTE CASTNER
                                               UNITED STATES DISTRICT JUDGE

---

[10] The Court does not reach Defendant's Rule 12(b)(6) arguments as to why Plaintiff's state-law claims are preempted by ERISA or fail as a matter of law.